UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CHRISTOPHER WHITE

VERSUS

STATE FARM MUTUAL, AUTOMOBILE
INSURANCE COMPANY, ET AL

CIVIL ACTION

NO. 09-991-BAJ-DLD

**RULING**

This matter is before the Court on a motion by defendants, State Farm Mutual Automobile Insurance Company, State Farm Life Insurance Company, State Farm Fire and Casualty Company, and State Farm General Insurance Company ("defendants"), for dismissal pursuant to Federal Rule of Civil Procedure 12(b) (doc. 7). Plaintiff, Christopher White, opposes the motion (doc. 12) and defendants have replied to plaintiff's opposition (doc. 16). Jurisdiction is based on 28 U.S.C. §§ 1331 & 1367.

**BACKGROUND**

Plaintiff's complaint alleges that, on March 1, 2007, he entered into an twelve month Insurance Agent's Agreement with defendants as a Term Independent Contract Agent. According to plaintiff, defendants assigned John Michelli and Eric Andrews to act as agent development supervisors for plaintiff at all times relevant to this action. Plaintiff alleges that the two supervisors intentionally subjected him to unfair discriminatory treatment that culminated with defendants' unjustifiable

failure and/or refusal to provide plaintiff with an opportunity to continue in his employment as an insurance agent beyond February 29, 2008, the date upon which the Insurance Agent's Agreement expired.

Plaintiff originally filed this action in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, on July 24, 2009. Plaintiff alleges that defendants' actions violated his rights under Title VII of the Civil Rights Act of 1964 and under Louisiana's Employment Discrimination Law, LSA–R.S. § 23-301, *et seq*. Plaintiff also claims that defendants are liable to him for breaching their duty to perform contractual obligations in good faith; for violations of the Abuse of Rights Doctrine; and for unlawful retaliation under LSA–R.S. § 51:2256(1). (Compliant).

After removing this matter on the basis of federal question jurisdiction, defendants filed the present motion to dismiss claims asserted under state law. Defendants argue that plaintiff has failed to state a claim of retaliation under LSA–R.S. § 51:2256(1) upon which relief can be granted, and they further argue that plaintiff's claims for abuse of rights and breach of the implied duty of good faith are prescribed.

## LAW AND DISCUSSION

In determining whether a plaintiff has stated a claim sufficient to avoid dismissal under Rule 12(b)(6), the well-pleaded facts alleged in his complaint are accepted as true and the allegations are construed in the light most favorable to him.

*Arias-Benn v. State Farm Fire & Casualty Insurance Co.*, 495 F.3d 228, 230 (5th Cir. 2007); *Milofsky v. American Airlines, Inc.*, 404 F.3d 338, 341 (5th Cir. 2005). The court does not look beyond the face of the pleadings when determining whether a plaintiff has stated a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Nevertheless, the court does not accept conclusory allegations, unwarranted factual inferences or legal conclusions as true. *Central Laborer's Pension Fund. v. Integrated Electrical Services, Inc.*, 497 F.3d 546, 550 (5th Cir. 2007).

**Claim of Retaliation under LSA–R.S. § 51:2256(1)**

LSA–R.S. § 51:2256 provides, in pertinent part:

> It shall be an unlawful practice for a person or for two or more persons to conspire:
>
> > (1) To retaliate or discriminate in any manner against a person because he has opposed a practice declared unlawful by this Chapter, or because he has made a charge, filed a complaint, testified, assisted, or participated in any manner in any investigation, proceeding, or hearing under this Chapter.

LSA–R.S. § 51:2256(1).

The plain language of the above statute provides that it only applies where discrimination occurs because the victim of the discrimination has opposed a practice that has been declared unlawful under the Louisiana Human Rights Act or where the discrimination occurs because the victim has filed a complaint, testified,

3

assisted, or participated in an investigation, proceeding or hearing under the Act. See also, e.g., Smith v. Parish of Washington, 318 F.Supp.2d 366, 373 (E.D.La. 2004) (stating that "liability under La. R.S. § 51:2256 is limited to retaliation against practices made unlawful under the Louisiana Human Rights Act and does not extend to provisions repealed from that Act and now incorporated into La. R.S. § 23:302").[1] Plaintiff's petition does not allege that he was subjected to discrimination because he opposed a practice that has been declared unlawful under the Act, or because he had made a charge, filed a complaint, testified, assisted, or participated in any investigation or proceeding under the Act. Accordingly, the Court concludes that plaintiff has failed to state a claim for retaliation under LSA–R.S. § 51:2256(1) upon which relief can be granted.[2]

**Prescription and Claims of Abuse of rights and Implied Duty of Good Faith**

Defendants note that the petition in this matter was filed on July 24, 2009, over a year after February 29, 2008, the date set forth in the petition as the date on which the Insurance Agent's Agreement terminated. Defendants argue that the one-year delictual prescriptive period set forth by Article 3492 of the Louisiana Civil Code applies to claims of abuse of rights and breach of the implied duty of good

---

[1] As noted *supra*, plaintiff has asserted a separate claim under the Louisiana Employment Discrimination Law, LSA–R.S. 23-301, *et seq.*

[2] The Court notes that plaintiff does not allege that he was subjected to discrimination for having filed the Charge of Discrimination with the Equal Employment Opportunity Commission. In fact, the petition indicates that the charge resulted from the alleged discrimination rather than the other way around. (*See* Complaint, ¶ XI).

faith, and they assert that, because the termination date of the agreement marks the last date on which plaintiff allegedly suffered damages, the claims of abuse of rights and breach of the duty of good faith are prescribed (doc. 7-1, p. 5). Article 3492 provides, in pertinent part:

> Delictual actions are subject to a liberative prescription of one year. This prescription commences to run from the day injury or damage is sustained.

La.Civ.Code art. 3492.

Notably, plaintiff does not dispute defendants' assertion that the facts alleged in the petition establish for purposes of the present motion that the petition was filed over one year after the date of the alleged harm. Instead, plaintiff argues that the one year prescriptive period for delictual actions does not apply to his claim of abuse of rights or to his claim that defendants' breached a duty to act in good faith.

As to his claim of abuse of rights, plaintiff argues that "Louisiana's jurisprudence is clear, the abuse of a right is not necessarily a tort" (doc. 12, p. 6). Plaintiff, however, cites no caselaw for that proposition and seems to ground his argument in the fact that abuse of rights claims may arise out of relations between parties to contract. See (doc. 12, p. 7, citing *Hero Lands Co. v. Texaco*, Inc., 310 So.2d 93, 99 (La.1975) (Barham, J., concurring) (stating that "the abuse of right theory incorporated into [La.Civ.Code art. 667] can be applied to contractual, delictual, and legal relations other than ownership of property").

Delictual actions may, however, arise out of relations involving contracts. Abuse of rights is one example. The abuse of rights doctrine is a civilian concept which "applies when one of the following conditions is met: (1) the predominant motive for exercise of the right is to cause harm; (2) there is no legitimate motive for exercise of the right; (3) exercise of the right violates moral rules, good faith, or elementary fairness; or (4) exercise of the right is for a purpose other than that for which it was granted." *Mixon v. Iberia Surgical, L.L.C.*, 956 So.2d 76, 81 (La.App. 3 Cir. 2007) *writ denied*, 962 So.2d 438 (La.2007). Thus the doctrine applies only where an actor exercises an established right in a delictual manner. An abuse of rights claim, therefore, does not arise from a breach of contract, but from the breach of a separate duty imposed by law. The Court also notes that the comments to La.Civ.Code art. 3492 specifically provide that "[t]he notion of delictual liability includes intentional misconduct, negligence, *abuse of right*, and liability without negligence." La.Civ.Code art. 3492, comment (b) (emphasis added); see also, *Adams v. First National Bank of Commerce*, 644 So.2d 219, 223 (La.App. 4 Cir. 1994) (holding that claims for abuse of right and breach of duty of good faith are subject to the delictual prescriptive period of one year).

For all the above reasons, the Court concludes that plaintiff's abuse of rights claim is subject to the one-year prescriptive period provided by Article 3492. Because it is undisputed that the petition in this matter was filed over a year after

the alleged damages occurred, the Court further concludes that plaintiff's claim of abuse of rights is prescribed.

Similar reasoning applies to plaintiff's claim of a breach of the implied duty of good faith. As with an abuse of rights claim, a claim of a breach of the duty to act in good faith does not allege a breach of an obligation imposed by contract, but instead alleges the breach of a separate duty implied by law or imposed by statute. In finding the one-year prescriptive period of Article 3492 applicable to a claim of breach of the duty of good faith and reasonable care arising out of the settlement of an insurance claim, the Louisiana First Circuit Court of Appeal stated:

> The essential elements of a cause of action under La.C.C. art. 2315 are fault, causation, and damage. Fault, of course, includes negligence. La.C.C. art. 2316. Negligence is conduct which falls below the standard established by law for the protection of others against unreasonable risk of harm. It is the breach of a duty, statutory or non-statutory, owed to another to protect that person from the particular harm that ensued. *Callais v. Allstate Insurance Co.*, 334 So.2d 692 (La.1976). Breach of the duties of "good faith" and "reasonable care" set forth in La.R.S. 40:1299(C)(7) constitute negligence under this definition.

*Office of Com'r of Ins. v. Hartford Fire Ins. Co.*, 623 So.2d 37, 40 (La.App. 1 Cir. 1993) *writ denied*, 635 So.2d 1131 (La.1994).

Though the duty to act in good faith in the present case is implied by law instead of being imposed by statute, a breach of that duty, "owed to another to protect that person from the particular harm that ensued," is "conduct which falls

7

below the standard established by law for the protection of others against unreasonable risk of harm," and constitutes negligence under the reasoning set forth by the court in *Office of Com'r of Ins. v. Hartford Fire Ins. Co.*

Accordingly, the Court concludes that plaintiff's claim of a breach of the implied duty of good faith and fair dealing is subject to the one-year prescriptive period set forth by Article 3492 of the Louisiana Civil Code. Because it is undisputed that the petition in this matter was filed over a year after the alleged harm, the Court further concludes that plaintiff's claim for breach of the implied duty of good faith is prescribed.

## CONCLUSION

For all the foregoing reasons, the motion by defendants, State Farm Mutual Automobile Insurance Company, State Farm Life Insurance Company, State Farm Fire and Casualty Company, and State Farm General Insurance Company ("defendants"), for dismissal (doc. 7) is hereby **GRANTED** and **IT IS ORDERED** that plaintiff's claims of: (1) retaliation under LSA–R.S. § 51:2256; (2) abuse of rights; and (3) breach of the implied duty of good faith, are hereby **DISMISSSED**.

Baton Rouge, Louisiana, October 21, 2010

*/s/ Brian A. Jackson*
BRIAN A. JACKSON
UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA