**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**CHRISTOPHER WHITE**  **CIVIL ACTION**

**VERSUS**  **NUMBER 09-991-BAJ-DLD**

**STATE FARM AUTOMOBILE
INSURANCE COMPANY, ET AL**

## ORDER

This matter is before the court pursuant to an Order (rec. doc. 39), entered on April 4, 2011, requiring defendants to submit to the court, for *in camera* review, a list of all agent Michelli's criminal convictions over 10 years old. The court was then to examine the convictions in order to determine whether any of those convictions are relevant to the issues in this civil suit, and thus subject to production. The defendants have submitted one conviction, and the court has reviewed same.

Fed. R. Civ. P. 26(b)(1) governs discovery in civil litigation, and provides, in relevant part, as follows:

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party...For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(c)(1) provides that the court may issue a protective order forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery.

Fed. R. Evid. 609 governs the admissibility of criminal convictions, in pertinent part, as follows:

(a) General rule. – For the purpose of attacking the credibility of a witness,

***

(2) evidence that any witness has been convicted of a crime shall be admitted if it involved dishonesty or false statement....

(b) Time limit. – Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction...unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect.

The plaintiff alleges that one of defendants' employees, Michelli, "intentionally subjected" plaintiff to "unfair discriminatory treatment that culminated with defendants' unjustifiable failure and/or refusal to provide" plaintiff "with an opportunity to continue his employment as an insurance agent for defendants." (rec. doc. 1-2, pg 3) Plaintiff alleges that Michelli became enraged and verbally threatening at him when he complained about another supervisor, and criticized him when he complained to Human Resources about an insensitive video that had circulated via email. *Id*., at pg. 2.  Plaintiff alleges these actions were in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq., the Louisiana Employment Discrimination Laws, La. R.S. 23:301, et. Seq., unlawful retaliation under 42 U.S.C. § 2000e-3(a), La. R.S. 51:2256(1), and other applicable laws. *Id.*, at pg. 4.

A review of Michelli's criminal conviction reveals that the conviction is not relevant to any claim or defense in this lawsuit as the conviction does not involve dishonesty or a false statement.  Also, the probative value of the 20-year old conviction does not

substantially outweigh its prejudicial effect.  As the evidence of the conviction is not relevant to the case at bar, it also is not admissible under Fed. R. Evid. 609.

Accordingly,

**IT IS ORDERED** that evidence relating to Michelli's criminal conviction is not subject to production in this lawsuit, and no further inquiry into the criminal conviction is allowed.

Signed in Baton Rouge, Louisiana, on May 6, 2011.

**MAGISTRATE JUDGE DOCIA L. DALBY**