**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **CHRISTOPHER WHITE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 09-000991-BAJ-DLD** |
| **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, ET AL** | |

**ORDER**

This matter is before the court on a referral from the district court of defendants' motion for contempt and for sanctions for [plaintiff's] failing to comply with this court's discovery order of March 24, 2011. (rec.doc. 44) The motion is opposed.

*Background*

On or about March 1, 2007, plaintiff entered into an Insurance Agent Agreement ("Agreement") with defendants as a Term Independent Contract Agent ("TICA"). Plaintiff was not appointed as an agent at the expiration of the Agreement in March 2008. On July 30, 2009, plaintiff filed suit in state court, which was timely removed to this court on November 19, 2009 on the basis of diversity jurisdiction and federal question jurisdiction (Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et. seq.).* On October 21, 2010, the court dismissed plaintiff's claims for retaliation under LSA-R.S. § 51:226, abuse of rights, and breach of the implied duty of good faith. On May 25, 2011, defendants filed a motion for summary judgment with respect to plaintiff's claims arising under state and federal employment discrimination statutes. (rec.doc. 45-2, pg.1) In his opposition to the motion for summary judgment, plaintiff "voluntarily abandoned his claims arising under the federal employment discrimination statutes," and stated that his remaining claims consist of claims

for breach of contract[1] and for violation of LSA-R.S. § 23:1006.[2]  (rec.doc. 54, pg. 2) The motion for summary judgment currently is pending.

On December 21, 2010, plaintiff's deposition was held, and when he was questioned about particular documents, he affirmed that he had copies of those documents. Defendants submitted a supplemental request for those documents, and plaintiff failed to timely respond to the request, which resulted in defendants filing a motion to compel the responses.  On March 24, 2011, the court granted the motion to compel as plaintiff also failed to file any opposition to the motion to compel, and ordered plaintiff to respond to the outstanding discovery on or before April 5, 2011.  (rec.doc. 36) Plaintiff complied, and filed his supplemental responses into the court record.  (rec.doc. 41) The supplemental responses are the basis for defendants' motion for contempt and sanctions.

***The Instant Motion***

Defendants now request a finding of contempt for plaintiff's failure to comply with the court's discovery order, and further request that plaintiff be sanctioned for his failure to comply.  Specifically, defendants assert that, in addition to ordering the plaintiff to produce all responsive documents, the court should prohibit plaintiff from offering or introducing evidence supporting his contention that he was an employee of defendants.  Defendants also request attorneys' fees and costs related to both the current motion and the previous motion to compel. (rec. doc. 44)

Defendants contend that the following documents were not produced by plaintiff:

1)    The lease agreement executed by plaintiff for his agency's office location;

---

[1] The court notes that defendants argue that plaintiff's petition does not contain a claim for breach of contract.  (rec. doc. 62)

[2] The court notes that LSA-R.S. § 23:1006 was repealed in 1997.

2) SurePayroll employee payroll records from February 2007 to December 1, 2007 (plaintiff produced SurePayroll records from December 1, 2007 until March 2008);

3) Plaintiff's agency's business ledger;

4) A copy of the agreement between plaintiff and SurePayroll to provide payroll services; and

5) Job applications by plaintiff (including resumes) following his termination (plaintiff produced only copies of his agent's agreement with two insurers)

(rec.doc. 44-1, pg 3)

Defendants contend that although they offered plaintiff additional time up to April 28, 2011, to produce the specified documents, no documents have been forthcoming. In response, plaintiff argues that he mis-spoke and was mistaken about the documents in his possession when he testified in his deposition, and that he produced the documents that were in his possession. (rec. doc. 47) Defendants replied, stating that plaintiff's supplemental discovery responses do not state that he has provided all documents, and that the opposition to the motion for contempt was defendants' first notice from plaintiff that he could not locate any other documents. Defendants contend that it is "almost incomprehensible that a business owner would lose or destroy" these documents, and reason that it is more likely that plaintiff did not perform an exhaustive search, or that he destroyed documents that were unhelpful to his case. (rec. doc. 53-3, pgs. 2-3)

Federal Rule of Civil Procedure 34(a)(1) permits a party to serve a request for production of documents or electronically stored information that are in the responding party's possession, custody, or control. "Rule 34 is broadly construed and documents within a party's control are subject to discovery, even if owned by a nonparty." *Autery V. SmithKline Beecham Corp.*, 2010 WL 1489968 (W.D. La. April 13, 20100 Moreover, Rule 34's definition of "possession, custody, or control," includes not only actual possession or control of the

materials, but also the legal right or practical ability to obtain the materials from a nonparty to the action. *In re Katrina Canal Breaches*, 2007 WL 1852184 (E.D.La. June 27, 2007); *U.S. v. Allstate Insurance Co.*, 2010 WL 3522958 (E.D. La. August 31, 2010); *Keybank Nat. Ass'n v. Perkins Rowe Associates*, 2011 WL 765925 (M.D. La. February 25, 2011).

Here, the lease agreement, payroll records/lease, and business ledgers are all documents which ordinarily would be in plaintiff's possession, custody or control, especially where plaintiff has testified previously that he had the documents. Plaintiff has a duty to make a reasonable search of *all* sources reasonably likely to contain responsive documents. *Tequila Centinela, S.A. de C.V. v. Bacardi & Co.*, 247 F.R.D. 198, 204 (D.D.C. 2008) Plaintiff did not state that he made a reasonable search of all sources[3] when responding to the discovery request, but rather stated that he "reserves the right to supplement this request if and/or when other such documentation is obtained." (rec.doc. 41) In this situation, such a response is insufficient under Rule 34. The court therefore will order that plaintiff conduct the necessary search of all sources and produce any responsive documents located as a result of the search. In the event plaintiff has conducted the necessary search of all sources but located no additional documents, plaintiff shall affirmatively and clearly state same in a supplemental response to production.[3]

With regard to Rule 37 sanctions, the court notes that while it has broad discretion to issue sanctions, that discretion is not unlimited. Rule 37(b)(2)(A) specifically limits the court's discretion to the issuance of "further just orders," which is in keeping with the

---

[3] "All sources" include other entities such as plaintiff's attorney, expert, insurance company, accountant, spouse, agent, etc. *See, e.g. Waldrip v. Hart*, 934 F.Supp. 1282, 1286, 18 A.D.D. 447 (D. Kan. 1996) In this matter, it would also include the payroll provider.

[3] As the court will order that plaintiff conduct a reasonable search for the responsive documents, and to state affirmatively the results of that search, the court declines at this time to address defendants' arguments with regard to spoilation of the evidence.

purposes behind Rule 37 sanctions: to reimburse the moving party and to deter the violator of the discovery orders. *See, e.g., Day v. Allstate Ins. Co.,* 788 F.2d 1110, 1114 (5th Cir. 1986) Moreover, the Fifth Circuit has emphatically stated that "sanctions should not be used lightly, and should be used as a lethal weapon only under extreme circumstances." *E.E.O.C. v. General Dynamics Corp.*, 999 F.2d 113, 119 (5th Cir. 1993). The Fifth Circuit further opined that "[O]ur judicial wisdom commands us not to review supinely the imposition of sanctions, but to remain alert to the possibility of overkill." *Id.*

In this case, plaintiff's actions are not that he failed to comply with a discovery order of the court; but that he failed to comply fully and timely. While the court therefore will not impose sanctions at this time, plaintiff is reminded that his obligations under Rule 34 are to produce not just those documents which are in his possession, but also to produce those documents which are under his custody and control. Pursuant to the court's broad discretion in discovery matters, the court finds that a further order directing plaintiff to conduct a reasonable search of all sources, and to then supplement his response with the results of his search, is sufficient. Plaintiff is advised, however, that further failures to cooperate fully in discovery shall result in the recommendation of sanctions, up to and including dismissal of his claims.

Accordingly,

**IT IS ORDERED** that defendants' motion for contempt and sanctions against Maverick (rec. doc. 44) is **GRANTED in part and DENIED in part** as follows:

(1) Plaintiff shall conduct a reasonable search of all sources for the requested documents, and shall provide a supplemental response to the discovery requests on or before **August 22, 2011**. Failure to comply with this order shall result in the recommendation that harsher sanctions, including but not limited to the recommendation that plaintiff's claims be dismissed.

(2) In all other respects, the motion is **DENIED**.

Signed in Baton Rouge, Louisiana, on August 3, 2011.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**