UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CHRISTOPHER WHITE

VERSUS

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, STATE FARM
LIFE INSURANCE COMPANY,
STATE FARM FIRE AND CASUALTY
COMPANY and STATE FARM
GENERAL INSURANCE COMPANY

CIVIL ACTION

NO. 3:09-00991-BAJ-DLD

**RULING ON MOTION FOR SUMMARY JUDGMENT**

This matter is before the Court on a motion for summary judgment filed by defendants, State Farm Mutual Automobile Insurance Company, State Farm Life Insurance Company, State Farm Fire and Casualty Company, and State Farm General Insurance Company (doc. 45). Plaintiff, Christopher White, opposes defendants' motion (doc. 55). Defendants have filed a reply to plaintiff's opposition (doc. 62). Jurisdiction is based on 28 U.S.C. §§ 1331 & 1367.

**BACKGROUND**

Pursuant to Local Rule 56.1, defendants have set forth the following facts that they claim are material to the present motion for summary judgment (doc. 45-1).[1] Plaintiff, however, has not controverted these facts pursuant to Local Rule 56.2. Therefore, pursuant to Local Rule 56.2, the following facts are deemed admitted for purposes of the motion.

---

[1] The Court notes that pursuant to Local Rule 56.1, defendant's statement of material facts is supported by citations to evidence in the record. (*See* doc. 45-1).

On March 1, 2007, plaintiff entered into an Insurance Agent Agreement with defendants as a Term Independent Contract Agent ("TICA") (doc. 45-1, ¶ 17). The stated term of the agreement was one year from March 1, 2007 until February 29, 2008 (doc. 45-1, ¶ 18). On January 4, 2008, plaintiff was notified that he would not receive another contract when his TICA agreement ended (doc. 45-1, ¶ 53).

Plaintiff alleges that he was subjected to continuous discrimination which culminated in defendants' refusal to provide him with an opportunity to continue his employment as an insurance agent for defendants (doc. 1-2, p. 2). On October 22, 2010, the Court dismissed plaintiff's claims of retaliation under LSA-R.S.. § 51:2256, abuse of rights, and breach of the implied duty of good faith (doc. 25). The claims which remain for the purpose of defendant's motion for summary judgment are plaintiff's claims arising under the Louisiana Employment Discrimination Law LSA—R.S. 23:301 ("LEDL")[2] and Title VII. Plaintiff, however, asserts in his opposition to the motion for summary judgment that he has voluntarily abandoned his claims arising under the federal employment-discrimination statutes (doc. 55-3, p. 2), thus leaving before the Court only plaintiff's claim that defendants discriminated against him in violation of his rights pursuant to the LEDL.

Defendants argue that plaintiff's claims under the LEDL are prescribed. In support of that argument, they note that the present suit was not filed until July 30, 2009, whereas plaintiff received notice on January 4, 2008 that defendants had

---

[2] Plaintiff cited LSA-R.S. § 23:1006 as the basis of his state law claim (doc. 54, p. 2). The statute was revised, however, in 1997, into LSA-R.S. § 23:301, *et seq.*

decided not to offer him another contract at the end of his one year term (doc. 62-2, p. 2).

**LAW AND DISCUSSION**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. Proc. 56(a). In determining whether the movant is entitled to summary judgment, the court reviews facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor. *Coleman v. Houston Independent School District*, 113 F.3d 528 (5th Cir. 1997). After a proper motion for summary judgment is made, the non-movant must set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

The non-movant's burden, however, is not satisfied by some metaphysical doubt as to the material facts, or by conclusory allegations, unsubstantiated assertions or a scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

The LEDL provides, in pertinent part, that:

> F. It shall be unlawful discrimination for an insurer to engage in any of the following practices:
> (1) intentionally fail or refuse to appoint or discharge any insurance agent, or otherwise to intentionally discriminate any insurance agent with respect to his compensation,

3

> terms, conditions, or privileges of employment because of insurance agent's race, color, religion, sex or national origin.

LSA-R.S. § 23:322(F) (1997).

A defendant seeking to invoke the defense of prescription bears the initial burden of proving that prescription has occurred; if the defendant shows that the time delay has passed between the tortuous act and the filing of a lawsuit, then the burden shifts to plaintiff to prove that an exception to prescription applies. *King v. Phelps Dunbar, L.L.P.*, 743 So. 2d 181, 188 (La. 1999). LSA-R.S. § 23:303 defines the prescriptive period applicable to claims brought under the LEDL and provides, in pertinent part:

> D. Any cause of action provided in this Chapter shall be subject to a prescriptive period of one year. However, this one-year period shall be suspended during the pendency of any administrative review or investigation of the claim conducted by the federal Equal Employment Opportunity Commission or the Louisiana Commission on Human Rights. *No suspension authorized pursuant to this Subsection of this one-year prescriptive period shall last longer than six months*.

LSA-R.S. § 23:303(D) (1997) (emphasis added).

The Louisiana Supreme Court, looking to United States Supreme Court precedent, has held that prescription runs in employment discrimination claims under Louisiana law when "injury or damage is sustained," and that injury or damage is sustained at the time the plaintiff is notified of the adverse employment action. *Eastin v. Entergy Corp.*, 865 So.2d 49, 53 (La. 2004). The *Eastin* court found that "it is well settled that the damage is sustained in any employment

discrimination at the earlier of the date the employee is informed of his termination or his actual separation from employment." *Id*. The court further found that "the proper focus is on the time of the discriminatory act, not the point at which the consequences of the act become painful." *Id*. at 54.

In the present case, the adverse employment action was the decision by defendants to refuse to reappoint plaintiff, or rather, to refuse to offer him another contract. The undisputed facts establish that plaintiff received notice of that adverse employment action on January 4, 2008. Therefore, pursuant to the plain language of LSA-R.S. 23:301(D), the prescriptive period for filing an action under the LEDL could have extended only until July 5, 2009—one year and six months after plaintiff's notification of the adverse employment action. As is noted *supra*, plaintiff filed the petition in this matter on July 30, 2009, over three weeks after July 5, 2009.

Nonetheless, plaintiff argues:

> *Eastin* stands for the principle that, under the LSA-R.S. 23:303(D), damage is sustained and the prescriptive period begins to run when the "employee is informed of his termination" or when his employment actually terminates, whichever occurs sooner. In the instant case, *White was not an employee, and he was never terminated*; rather, his contract- by its own specific terms- expired on February 29, 2008.

(Doc. 55-3, p. 8 (quoting *Eastin*, 865 So.2d at 54)(emphasis in original)).

Plaintiff further argues that, "unlike an employee who is notified of his 'termination,' [he] did not begin to suffer injury or damage until after the natural

5

expiration of his contract" (*Id.*, at 8-9). Plaintiff asserts that, unlike an employee who receives notice that his employment contract will be terminated, he incurred no damage when he received notice that his independent contractor agreement would not be renewed.

The Court finds no merit in plaintiff's argument. As the *Eastin* court noted, "the proper focus is on the time of the discriminatory act, not the point at which the consequences of the act become painful." Moreover, plaintiff has pointed to no valid reason, statutory provision, or case law that supports his argument that independent contractors should be treated differently than employees with regard to prescription of claims asserted under the LEDL.

Accordingly, the Court concludes that no genuine dispute of material fact exists regarding prescription as to the LEDL claim and that defendants are entitled to summary judgment, dismissing all claims asserted under the LEDL as prescribed.

The Court also notes that, in the opposition to the motion for summary judgment, plaintiff briefly mentions a breach of contract claim (doc. 55-3, p. 2). Insofar as plaintiff may have intended reference to his claim of breach of the implied duty of good faith, that claim has already been dismissed (*see* doc. 25), and the mention may be due simply to a typographical error. To the extent that plaintiff may have intended to assert a claim for breach of contract aside from the claim of breach of the implied duty of good faith, the Court's review of the record has demonstrated no previous assertion of such a claim. Moreover, plaintiff has

failed to direct the court to any specific provision of the contract which defendants are alleged to have breached. More importantly, plaintiff has failed to set forth evidence to establish a genuine dispute of fact regarding a breach of contract claim.

## CONCLUSION

For all of the foregoing reasons, the motion for summary judgment, filed by defendants, State Farm Mutual Automobile Insurance Company, State Farm Life Insurance Company, State Farm Fire and Casualty Company, and State Farm General Insurance Company (doc. 45), is hereby **GRANTED,** and this matter shall be dismissed with prejudice.

Baton Rouge, Louisiana, August 5, 2011.

**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**